UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **A AND N MORTGAGE SERVICES, INC.**<br>   Plaintiff,<br><br>v.<br><br>**BRADLEY BODEN, et al.,**<br>   Defendants. | Civil Action No. 1:24-cv-05963<br><br>Judge Jeffrey I. Cummings |

## JOINT INITIAL STATUS REPORT

Plaintiff A and N Mortgage Services, Inc. ("A&N" or "Plaintiff"), Defendants Bradley Boden ("Boden"), CMG Mortgage, Inc. dba CMG Financial ("CMG"), Select Lending Services, LLC ("Select"), and Kristen Cooney-McCarthy ("Cooney-McCarthy" and together with Boden, CMG, and Select, the "Defendants") hereby provide the following joint initial status report.

**I.   The Nature of the Case:**

    A.   Identify all attorneys of record for each party, including the lead trial attorney.

**For A &N:**

J. Scott Humphrey, Esq. (Lead Trial Attorney)
shumphrey@beneschlaw.com
Meghan Golden, Esq.
mgolden@beneschlaw.com
**Benesch Friedlander Coplan & Aronoff, LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 624-6420
Facsimile: (312) 767-9192

Sarah Schneider, Esq.
sschneider@beneschlaw.com
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: 216-363-4500
Facsimile: 216-363-4588

**For Boden, Cooney-McCarthy, CMG, and Select:**

Amanda M. Noonan, Esq.
amanda.noonan@blankrome.com
**Blank Rome LLP**
444. W. Lake Street, Suite 1650
Chicago, IL 60606
Phone: (312) 776-2575
Fax: (312) 264-0848

Michael A. Iannucci, Esq. (Lead Trial Attorney)
michael.iannucci@BlankRome.com
Christopher Cody Wilcoxson, Esq
cody.wilcoxson@BlankRome.com
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

A&N brings claims against Defendants for their alleged misappropriation, disclosure, and unauthorized use of what A&N's claims is confidential information; violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq*.; violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq*.; tortious interference with A&N's business relationships; unfair competition with A&N; and replevin of A&N's property. Defendants timely filed an answer denying A&N's allegations and legal claims. At present, there are no counterclaims or third-party claims.

C. Briefly identify the major legal and factual issues in the case.

Plaintiff contends that the major legal and factual issue in the case is whether Defendants misappropriated, disclosed, and used A&N's Confidential Information without authorization, in violation of the Defend Trade Secrets Act and the Illinois Trade Secrets Act. Further, A&N alleges that Defendants tortiously interfered with A&N's business relationships, unfairly competed with A&N, and participated in the wrongful deprivation of A&N's property.

Defendants contend that the major legal issues in this case are whether Plaintiff has any trade secrets, and, if it does, whether it protected those trade secrets. In addition, irrespective of that, another legal issue is whether Plaintiff is using so-called trade secrets as a sword to stifle the Defendants in an effort to unlawfully restrict open and honest competition. Moreover, even if Plaintiff has trade secrets (Defendants do not believe it does), whether any Defendant has misappropriated it. The parties will need thorough discovery concerning all of these issues, including Plaintiff's corporate records, past conduct with respect to former employees, business lost, how it was lost, and potentially third-party discovery from customers/clients Plaintiff claims its lost because of Defendants' alleged conduct.

D. State the relief sought by any of the parties.

A&N seeks a permanent injunction enjoining and restraining Boden, CMG, Select, and Cooney-McCarthy from using, possessing, accessing, disclosing, or transferring A&N Confidential Information, engaging in any acts of unfair competition with A&N, and requiring Boden, CMG, Select, and Cooney-McCarthy to return all A&N Confidential Information. A&N also seeks compensatory and punitive damages and its costs and reasonable attorneys' fees.

II. **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A. Identify all federal statutes on which federal question jurisdiction is based.

This Court has federal question jurisdiction under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

1. State whether/why the amount in controversy exceeds the jurisdictional

    threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

  2. Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

A&N's remaining claims fall within the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, because the claims are so related to the Federal question that they form part of the same case or controversy. The amount in controversy is alleged to be greater than $75,000.

A&N is an Illinois corporation with its principal place of business in Chicago, Illinois. Boden and Cooney-McCarthy are Illinois residents. CMG is a California corporation with its principal place of business in San Ramon, California. Select is an Oregon limited liability company with its principal place of business in Lake Oswego, Oregon.

**III.** **Status of Service:** Identify any defendants that have not been served. If plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4.

All defendants have been served.

**IV.** **Motions:**

 A. Briefly describe any pending motions.

There are no pending motions.

 B. State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.

Defendants filed an Answer to the Complaint on September 13, 2024.

**V.** **Case Plan:**

 A. Submit a proposal for a discovery plan, including the following information:

  1. The general type of discovery needed;

The Parties anticipate utilizing fact and expert discovery.

  2. A date for Rule 26(a)(1) disclosures;

3

The Parties propose to circulate Rule 26(a)(1) disclosures by September 27, 2024.

    3.    First date by which to issue written discovery;

The Parties propose September 27, 2024 as the first date by which to issue written discovery.

    4.    A proposed fact discovery completion date;

The Parties propose to complete fact discovery by September 26, 2025.

    5.    A proposed deadline for amended pleadings; and

The Parties propose an amended pleading deadline of October 21, 2024.

    6.    Whether the parties anticipate expert discovery and, if so, a proposed schedule for the completion of expert discovery; and

The Parties anticipate expert discovery. The Parties propose that disclosure of expert testimony for the party with the initial burden of proof on the subject matter is due on December 23, 2025. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 31, 2026. Reply expert reports from the party with the initial burden of proof are due on or before February 28, 2026.

    B.    With respect to trial, indicate the following:

    1.    Whether a jury trial is requested

The Parties request a jury trial.

    2.    The probable length of trial.

The Parties anticipate the length of trial to be between five and seven days.

**VI.    Consent and Settlement Discussions:**

    A.    The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties <u>unanimously</u> consent to do so.

While Defendants consent to a Magistrate Judge, A&N does not consent to a Magistrate Judge.

4

  B. Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.

  The Parties have not participated in settlement discussions. At this time, A&N does not request a settlement conference but may be open to a settlement conference after beginning discovery in the case.

Dated: September 20, 2024

Respectfully submitted,

| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | BLANK ROME LLP |
|---|---|
| */s/ J. Scott Humphrey* | */s/ Amanda M. Noonan* (via email consent) |
| J. Scott Humphrey, Esq. | Amanda M. Noonan, Esq. |
| 71 South Wacker Drive, Suite 1600 | amanda.noonan@blankrome.com |
| Chicago, IL 60606-4637 | 444. W. Lake Street, Suite 1650 |
| Telephone: (312) 624-6420 | Chicago, IL 60606 |
| Facsimile: (312) 767-9192 | Phone: (312) 776-2575 |
| shumphrey@beneschlaw.com | Fax: (312) 264-0848 |

24943996 v2